UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

      v.                                                                                        CR NO. 06-401M (JMF)

**KESARIMANGALAM KANNAN ,**

      **Defendant.**

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## FINDINGS OF FACT

1. The Metropolitan Police Department has a specialized unit that attempts to arrest persons who use internet chat rooms to lure children into having sexual relations with them.

2. A police officer pretends to be a pre-adolescent (i.e. 12 to 14 years old) girl with the screen name "daddysgirldc." The "child" enters a public chat room, thereby expressing an intention to receive communications from anyone else. When someone accepts the invitation, the two of them enter into a private chat room and communicate only with each other.

3. In their first private chat, the defendant, calling himself "Stoneman," learned from "daddysgirldc" that she lived with her mother, who had left her father because he sexually abused her. "Stoneman" then inquired if she had slept with her father.

4. "Stoneman" then asked her if he could touch her pussy and if she wanted to suck his dick.

5. "Stoneman" then asked if she could send him a picture;[1] "she" did so and, when Stoneman got it, he commented on her "nice pussy." He asked if could suck her boobs and play with her pussy.

6. "Stoneman" then explicitly asked if the child had ever had sex; the child responded she had not and that a friend told her it hurts.

7. The next day, "Stoneman" told the child that he wanted to have safe sex with her; that he would use condoms and that, while she might bleed, he would do it slowly. When they finished, he said, she would ask for more.

8. In their next contact, "Stoneman" made arrangements to come to her house; she had provided him with an address. This time, he assured her that he had surgery and was incapable of making her pregnant; he nevertheless promised to bring condoms.

9. In the meanwhile, the police set up surveillance at the address the girl had given "Stoneman." One detective saw him attempt to enter the house at that address. Although the police stopped him, the supervising detective decided not to make the arrest; he feared that, without a picture of the defendant, he would not have a

---

[1] The police sent him a picture of a pre-pubescent female in a bathing suit.

provable case.

10. In the period between that encounter and September 8, 2006, "Stoneman" tried to contact "daddysgirldc" but was using a new screen name: "treehillfield." The police finally reinitiated contact and "treehillfield" told the child of his encounter with the police. The child indicated that the police must have thought he was buying drugs.

11. Undeterred, the defendant renewed his efforts to convince the child to have sexual contact with him. After he learned from her that she was 13 years old, he asked if he could touch her pussy. He then told her to touch herself, apparently attempting to induce her to masturbate. He then asked if he could suck her boobs and touch her pussy; he also asked if he could touch her "pp."

12. The defendant arranged a second assignation in which he indicated that he would pick the child up and they would travel to a place where they could have the sexual contact he was interested in. This time, when he arrived at the address he was given, the detective who had encountered the defendant at the first attempted assignation, recognized him and the defendant was arrested.

13. The police then secured a search warrant and found on the computer in the defendant's home the picture of the child the police had sent "Stoneman."

## REASONS FOR DETENTION

### Eligibility

The government seeks the defendant's pre-trial detention pursuant to 18 U.S.C. § 3142(f)(1)(A) which authorizes the pre-trial detention of a defendant who, like this defendant, is

charged with a crime of violence. Since the defendant is charged with violation of Chapter 109A of Title 18 of the United States Code, specifically 18 U.S.C. section 2243, and 18 U.S.C. section 3156 defines as a crime of violence any felony under chapter 109A, defendant is eligible for pre-trial detention.

## Pertinent Factors

In determining whether there are conditions of release which will reasonably assure the appearance of the defendant in court as required and the safety of the community the court is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.
2. The weight of the evidence;
3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    a. Past conduct, history relating to drug or alcohol abuse;

    b. Criminal history;

    c. Record concerning appearance at court proceedings;

    d. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law.

18 U.S.C. § 3142.

## Analysis

An analysis of these factors compels the conclusion that the defendant should be detained.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.**  Congress has required that this crime be deemed a crime of violence, meaning that it expressed the communal will that this crime be deemed as dangerous to this community as, for example, armed robbery.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.**  The defendant has substantial ties to the community and is employed in the software business.

**The weight of the evidence.**  The weight of the evidence is overwhelming. The verbatim transcripts are damning in themselves and I cannot see how the defendant could ever convince a jury that it was a coincidence that the picture of the child was on his computer.

**History relating to drug or alcohol abuse**; **record concerning appearance at court proceedings and prior criminal record and whether on probation or parole at the time of the present offense.**  The defendant has no prior record and there is no indication of drug use.

### CONCLUSION

While the defendant has roots in the community and no prior record, he is dangerous to an alarming degree.  The defendant's inquiries about the child's sexual abuse by her father and his apparent invitation that she attempt to masturbate while he listened indicate to me a perverse depravity that is truly terrifying.  Indeed, had he followed through with his plans to take the child in his car to a place where he could have the sexual contact he wanted, he would be facing charges of kidnapping and, at least, statutory rape.  That he was talking to a figment of the police's imagination is, ironically, a blessing he does not deserve.  Moreover, even after the defendant encounters a police detective at the child's address, he resumes contact with the child

and meets her at the very same address. His willingness to take such risks indicates to me a deep seated desire for sexual contact with children. Finally, the ubiquity of the internet in public libraries and businesses that have "hot spots" convinces me that I cannot prevent internet access with the certainty I need to eliminate the risk that this defendant presents to the children of this community. I, therefore, conclude that there are no conditions I could set that would reasonably assure that the defendant would not commit new crimes if released and that he should be detained pending trial.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: